UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENYA ROGERS,

    Petitioner,                                       CASE NO. 07-CV-11164

v.

                                                    PAUL D. BORMAN
BARRY DAVIS,                            UNITED STATES DISTRICT JUDGE

    Respondent.

_____/

## OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS; (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS

Kenya Rogers, ("Petitioner"), presently confined at the Straits Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for second-degree murder, M.C.L.A. 750.317; M.S.A. 28.549; armed robbery, M.C.L.A. 750.529; M.S.A. 28.797; assault with intent to rob while armed, M.C.L.A. 750.89; M.S.A. 28.284; possession of a firearm in the commission of a felony, M.C.L.A. 750.227b; M.S.A. 28.424(2); and being a second habitual offender, M.C.L.A. 769.11; M.S.A. 28.1083. [1] For the reasons stated below, the application for a writ of habeas corpus

---

[1] When Petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Newberry Correctional Facility. Since filing his application for habeas relief, Petitioner has been transferred to the Straits Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rule 2(a), 28 foll. U.S.C. § 2254. Normally, the Court would order that the caption of the case be amended to reflect that the proper respondent in this case is Greg McQuiggin, the warden of Straits Correctional Facility, the current location of Petitioner. However, because the Court is denying the petition, it will not do so in this case. *See Logan v. Booker,* No. 2007 WL 2225887, * 1, n. 1 (E.D. Mich. August 1, 2007).

is DISMISSED WITH PREJUDICE.

## I.   BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court.  This Court recites verbatim the relevant facts regarding Petitioner's conviction from the Michigan Court of Appeals' opinion affirming his convictions, which are presumed correct on habeas review. *See Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001).

> [Petitioner's] convictions arise from the shooting death of Tranika Brown and the nonfatal wounding of Kelvin Brown, which occurred after [Petitioner] and codefendant Diarre Hamilton had robbed Corey Gibbs, and then were interrupted by Tranika Brown when they were subsequently attempting to rob Brown.
>
> . . .
>
> The prosecution presented evidence that [Petitioner], accompanied by codefendant Hamilton, robbed Gibbs of $300 at gunpoint.  When Kelvin Brown arrived, [Petitioner] handed the gun to codefendant Hamilton and opened the door to let Brown in while codefendant Hamilton stood out of sight with the gun. [Petitioner] subsequently tried to stop Tranika Brown and Sallie Jackson from entering the house while codefendant Hamilton was ordering Kelvin Brown to take off his clothing. After the women proceeded to enter the house, codefendant Hamilton began shooting, and [Petitioner] prevented the women from leaving through the front door. Tranika Brown was shot and killed.

*People v. Rogers,* No. 236334, 2003 Mich. App. LEXIS 1810, * 1-2, 4-5 (Mich.Ct.App. July 24, 2003), *appeal denied*, 469 Mich. 1013 (2004).

Petitioner's conviction was affirmed on appeal. *Id*.  Petitioner subsequently filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* which was denied. *People v. Rogers,* No. 00-007613-01 (Wayne County Circuit Court, June 21, 2005).  The Michigan appellate courts denied Petitioner leave to appeal. *People v. Rogers*, No. 267562 (Mich.Ct.App. July 27, 2006), *appeal denied* 477 Mich. 974 (2006).

Petitioner seeks a writ of habeas corpus on the following grounds:

2

I. [Petitioner's] conviction must be reversed where the prosecution failed to present sufficient evidence to satisfy the due process standard of guilt beyond a reasonable doubt.

II. The prosecutor violated [Petitioner's] state and federal constitutional due process right to a fair trial when in closing argument he personally attacked and denigrated defense counsel and accused them of wasting the jury's time and commented on [Petitioner's] silence.

III. The trial court's denial of counsel's motion to suppress testimony that [Petitioner] remained silent when he was questioned by personnel at the hospital, where he was held by personnel, constituted reversible error.

IV. [Petitioner] was denied the effective assistance of counsel by virtue of trial counsel's: (A) stipulation to the admission of evidence without requiring the prosecution lay a proper foundation to establish relevance, and (B) failing to object to the admission of irrelevant evidence.

V. [Petitioner] was denied his state and federal constitutional right to a fair trial, where the prosecutor introduced evidence that was not connected to the charges against [Petitioner], and was irrelevant.

VI. [Petitioner] was denied his state and federal constitutional right to the effective assistance of counsel, thus, violative of state and federal constitutional right to a fair trial where: (A) trial counsel allowed the admission of assault with intent to murder to go unchallenged in the information where that charge was dismissed at [Petitioner's] preliminary examination; (B) trial counsel failed to object to the information charging [Petitioner] with the crime of assault with intent to murder; (C) trial counsel failed to object to the prosecution's opening and closing arguments [Petitioner] with assault with intent to murder; and (D) trial counsel allowed the prosecution to argue in open court and closing arguments the dismissed charges of assault with intent to murder without an objection.

VII. Prosecution deprived [Petitioner] of his constitutional right to a fair trial.

VIII. Jurisdictional error occurred where trial court presented an erroneous information, in addition to an amended information containing a charge dismissed at preliminary examination after jurors were impaneled and sworn in.

IX. Structural error occurred where prosecution failed to file a new and accurate information and/or indictment, where there was insufficient evidence to support the nolle prosequi'd charge.

X. Where jurors were impaneled and sworn in, the amended information with

superfluous charges, i.e., the charge previously dismissed at preliminary examination, [Petitioner] was twice placed in jeopardy.

## II.  STANDARD OF REVIEW

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III.  ANALYSIS

### A.  Claim 1:  Sufficiency of the Evidence

Petitioner first contends that there was insufficient evidence to support his convictions.

4

Petitioner's primary contention is that there was insufficient evidence that Petitioner aided and abetted in the murder of Tranika Brown, because Petitioner never knew that the codefendant would shoot her. In rejecting this portion of Petitioner's claim, the Michigan Court of Appeals ruled that there was sufficient evidence to convict Petitioner of aiding and abetting in Tranika Brown's murder, in light of the fact that Petitioner helped plan and carry out a crime in which there was a high degree of risk that someone could be killed, as well as the fact that Petitioner prevented Brown from leaving when the codefendant began shooting. *Rogers,* Slip. Op. at * 2.

Under Michigan law, conviction of second-degree murder requires proof of: (1) a death; (2) caused by an act of the defendant; (3) with malice; and (4) without justification or excuse. *Kelley v. Jackson,* 353 F. Supp. 2d 887, 891 (E.D. Mich. 2005)(citing *People v. Goecke*, 457 Mich. 442, 463-64; 579 N.W. 2d 868 (1998)). To prove malice, the prosecution must establish that the defendant has the intent to kill or do great bodily harm, or has created and disregarded a very high risk of death. *Id.* Malice for second-degree murder can be inferred from evidence that the defendant intentionally set in motion a force likely to cause death or great bodily harm. *Long v. Stovall,* 450 F. Supp. 2d 746, 753 (E.D. Mich. 2006)(citing *People v. Djordjevic*, 230 Mich. App. 459, 462; 584 N.W.2d 610 (1998)); *see also Hill v. Hofbauer,* 195 F. Supp. 2d 871, 885 (E.D. Mich. 2001). The offense of second-degree murder "does not require an actual intent to harm or kill, but only the intent to do an act that is in obvious disregard of life-endangering consequences." *Long,* 450 F. Supp. 2d at 753 (quoting *People v. Mayhew*, 236 Mich. App. 112, 125 (1999)).

Petitioner was convicted of the second-degree murder under an aiding and abetting theory. To support a finding under Michigan law that a defendant aided and abetted in the commission of a crime, the prosecutor must show that:

5

> 1. the crime charged was committed by the defendant or some other person;
> 2. the defendant performed acts or gave encouragement that assisted the commission of the crime; and
> 3. the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement.

*Long,* 450 F. Supp. 2d at 753 (citing *People v. Carines*, 460 Mich. 750, 757-58 (1999)).

In order to be guilty of aiding and abetting under Michigan law, the accused must take some conscious action designed to make the criminal venture succeed. *Fuller v. Anderson,* 662 F. 2d 420, 424 (6th Cir. 1981). Aiding and abetting describes all forms of assistance rendered to the perpetrator of the crime and comprehends all words or deeds which might support, encourage, or incite the commission of the crime. *People v. Turner*, 213 Mich. App. 558, 568; 540 N. W. 2d 728 (1995). The quantum or amount of aid, advice, encouragement, or counsel rendered, or the time of rendering, is not material if it had the effect of inducing the commission of the crime. *People v. Lawton*; 196 Mich. App. 341, 352; 492 N. W. 2d 810 (1992).

To be convicted of aiding and abetting, the defendant must either possess the required intent to commit the crime or have participated while knowing that the principal had the requisite intent; such intent may be inferred from circumstantial evidence. *Long,* 450 F. Supp. 2d at 753; *People v. Wilson*, 196 Mich. App. 604, 614; 493 N. W. 2d 471 (1992). The intent of an aider and abettor is satisfied by proof that he knew the principal's intent when he gave aid or assistance to the principal. *People v. McCray*, 210 Mich. App. 9, 14; 533 N. W. 2d 359 (1995). An aider and abettor's state of mind may be inferred from all of the facts and circumstances, including close association between the defendant and the principal, the defendant's participation in the planning and execution of the crime, and evidence of flight after the crime. *Turner,* 213 Mich. App. at 568-69.

Petitioner was originally charged with first-degree felony murder and was convicted of the

lesser offense of second-degree murder.  The element of malice required for statutory felony-murder is the same as that required for second-degree murder. *See People v. Flowers,* 191 Mich. App 169, 176; 477 N.W. 2d 473 (1991).  A number of cases have held that a defendant's participation in an armed robbery, while either he or his codefendants were armed with a loaded firearm, manifested a wanton and reckless disregard that death or serious bodily injury could occur, to support a finding that the defendant acted with malice aforethought, so as to support a conviction for felony-murder. *See Harris v. Stovall,* 22 F. Supp. 2d 659, 667 (E.D. Mich. 1998)*;People v. Turner,* 213 Mich. App. at 572-73; *People v. Hart*, 161 Mich. App. 630, 635; 411 N.W. 2d 803 (1987); *see also Redmond v. Jackson,* 295 F. Supp. 2d 767, 774 (E.D. Mich. 2003)(finding that petitioner not entitled to tolling of the AEDPA's statute of limitations on a claim that he was actually innocent of felony-murder, finding that petitioner's act of providing a firearm to be used in an armed robbery demonstrated a wanton and wilful disregard of the fact that a person could be killed or suffer great bodily harm during the course of the robbery).

In the present case, Petitioner robbed Corey Gibbs at gunpoint, before giving the gun to codefendant Hamilton, in order to rob Kelvin Brown.  When looking at the evidence in a light most favorable to the prosecution, a rational trier of fact could have concluded that by participating in an armed robbery which involved the use of a firearm, Petitioner acted with wanton and wilful disregard that a person could be killed or suffer great bodily harm during the course of the robbery. By giving the handgun to the codefendant during the course of an armed robbery, Petitioner engaged in an act "that was in obvious disregard of life-endangering consequences," so as to support Petitioner's conviction for second-degree murder.

Petitioner next contends that there was insufficient evidence to convict him of the armed

robbery of Corey Gibbs. Petitioner further claims that there was insufficient evidence to support his conviction for felony-firearm.

The elements of armed robbery under Michigan law are: (1) an assault, and (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute. *See Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004)(citing *People v. Allen*, 201 Mich. App. 98, 100; 505 N.W. 2d 869 (1993)). The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or an attempt to commit, a felony offense. *See Payne v. Smith,* 207 F. Supp. 2d 627, 642 (E.D. Mich. 2002)(citing *People v. Avant*, 235 Mich. App. 499, 505 (1999)).

Gibbs testified that Petitioner robbed him at gunpoint of $ 300.00. Gibbs' testimony, if believed, supported Petitioner's convictions for armed robbery and felony-firearm.

Petitioner, however, claims that the evidence was insufficient because Gibbs' testimony was not credible and was uncorroborated. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is therefore generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.*

In this case, this portion of Petitioner's insufficiency of evidence claim rests on an allegation of the victim's credibility, which is the province of the jury. Petitioner is therefore not entitled to habeas relief on this portion of his sufficiency of evidence claim. *See Tyler v. Mitchell,* 416 F. 3d 500, 505 (6th Cir. 2005).

Petitioner lastly contends that there was insufficient evidence to convict him of aiding and abetting in the assault with intent to rob while armed count against Kelvin Brown. Under Michigan law, the elements of assault with intent to rob while armed are (1) an assault with force and violence; (2) with an intent to rob and steal; and, with (3) the defendant being armed [with a weapon]. *See Alexander v. Robinson,* 11 Fed. Appx. 456, 459 (6th Cir. 2001)(citing *People v. Cotton,* 191 Mich. App. 377; 478 N.W.2d 681 (1991)(unpublished)).

The evidence at trial established that Petitioner and his codefendant went to the address on Greenlawn Street to commit an armed robbery. After Petitioner robbed Gibbs at gunpoint, Petitioner handed the gun to his codefendant as Kelvin Brown arrived at the house. Petitioner opened the door to let Brown in while his codefendant hid out of sight. After Kelvin Brown walked into the residence, the codefendant pointed the gun at the back of Kelvin Brown's head. Both Petitioner and the codefendant ordered Brown to remove his clothes. The evidence, when viewed in a light most favorable to the prosecution, would allow a rational trier of fact to conclude that Petitioner aided and abetted in the assault with intent to rob while armed charge involving Kelvin Brown. Petitioner is not entitled to habeas relief on his first claim.

### B. Claims 2 and 5: Prosecutorial Misconduct

The Court will consolidate Petitioner's second and fifth prosecutorial misconduct claims together for judicial clarity.

In his second claim, Petitioner contends that the prosecutor improperly disparaged defense counsel during closing argument. Petitioner further claims that the prosecutor improperly commented upon Petitioner's silence in his closing remarks. Respondent contends that this portion of Petitioner's prosecutorial misconduct claim is procedurally defaulted, because Petitioner failed

9

to preserve the issue at trial.

In rejecting this part of Petitioner's prosecutorial misconduct claim, the Michigan Court of Appeals noted that because Petitioner failed to preserve the issue before the trial court, it would review Petitioner's claim for plain error. *Rogers,* Slip. Op. at * 3

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless Petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice". *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If Petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Moreover, actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In this case, the Michigan Court of Appeals clearly indicated that by failing to object at trial, Petitioner had not preserved his prosecutorial misconduct claim involving the prosecutor's closing arguments. *Rogers,* Slip. Op. At * 3. The fact that the Michigan Court of Appeals engaged in plain error review of Petitioner's claim does not constitute a waiver of the state procedural default.

*Seymour v. Walker,* 224 F. 3d 542, 557 (6th Cir. 2000). Instead, this Court should view the Michigan Court of Appeals' review of Petitioner's claim for plain error as enforcement of the procedural default. *Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001). In addition, the mere fact that the Michigan Court of Appeals also discussed the merits of Petitioner's claim does not mean that this claim was not procedurally defaulted. A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991). Petitioner's claim is procedurally defaulted.

In the present case, Petitioner has offered no reasons for his failure to preserve the prosecutorial misconduct issues raised in his second claim. Because Petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue. *Smith*, 477 U.S. at 533.

Additionally, Petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his claim as a ground for a writ of habeas corpus in spite of the procedural default. Petitioner's sufficiency of evidence claim [Claim # I, *supra*] is insufficient to invoke the actual innocence doctrine to the procedural default rule. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003). Because Petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review this portion of Petitioner's prosecutorial misconduct claim on the merits. *See Johnson v. Smith*, 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002). This portion of Petitioner's prosecutorial misconduct claim is procedurally barred.

In his fifth claim, Petitioner contends that the prosecutor introduced irrelevant evidence against him at his trial. When a petitioner seeking habeas relief makes a claim of prosecutorial misconduct, the reviewing court must consider that the touchstone of due process is the fairness of the trial, not the culpability of the prosecutor. On habeas review, a court's role is to determine whether the conduct was so egregious as to render the entire trial fundamentally unfair. *Serra v. Michigan Department of Corrections*, 4 F. 3d 1348, 1355-56 (6th Cir. 1993). In evaluating prosecutorial misconduct in a habeas case, consideration should be given to the degree to which the challenged remarks had a tendency to mislead the jury and to prejudice the accused, whether they were isolated or extensive, whether they were deliberately or accidentally placed before the jury, and, except in the sentencing phase of a capital murder case, the strength of the competent proof against the accused. *Id.*

The Sixth Circuit has noted that there are no Supreme Court cases which support the proposition that a prosecutor's questions that simply call for answers that are inadmissible due to relevancy constitute prosecutorial misconduct that rises to the level of a federal due process violation. *See Wade v. White,* 120 Fed. Appx. 591, 594 (6th Cir. 2005)(unpublished). Therefore, the fact that the prosecutor elicited irrelevant evidence throughout Petitioner's trial would not entitle him to habeas relief. *Id.* Petitioner is not entitled to habeas relief on his second or fifth claims.

    **C.**    **Claim 3: Evidence of Petitioner's Silence**

In his third claim, Petitioner contends that the trial court erred in refusing to suppress testimony that Petitioner remained silent when questioned by medical personnel at the hospital where Petitioner went for emergency treatment for the gunshot wounds that he accidentally

received from the codefendant during the robbery.

The Michigan Court of Appeals rejected Petitioner's claim, noting that Petitioner was not in police custody when he initially came into the hospital for treatment. Further, the Michigan Court of Appeals noted that the evidence pertained only to Petitioner's pre-arrest silence, because it occured before the police became involved. *Rogers,* Slip. Op. at * 3.

Petitioner's claim fails for several reasons. First, it is unclear that "clearly established federal law" prohibits the use of a criminal defendant's pre-arrest silence as substantive evidence of guilt. In *Jenkins v. Anderson,* 447 U.S. 231, 238-39 (1980), the United States Supreme Court held that the Fifth Amendment, as applied to the states through the Fourteenth Amendment, is not violated by the use of a defendant's pre-arrest silence to impeach that defendant's credibility, since the "impeachment follows the defendant's own decision to cast aside his cloak of silence and advances the truth-finding function of the criminal trial." *Id.* However, the Supreme Court indicated that their decision in *Jenkins* did not consider whether or under what circumstances pre-arrest silence may be protected by the Fifth Amendment. *Id.* at 236, n.2.

The Sixth Circuit has held that the use of a defendant's pre-arrest silence as substantive evidence of guilt violates the Fifth Amendment privilege against self-incrimination. *Combs v. Coyle,* 205 F. 3d 269, 283 (6th Cir. 2000). However, the Sixth Circuit acknowledged that the Supreme Court in *Jenkins* never addressed the issue of whether the use of pre-arrest silence as substantive evidence violated the Fifth Amendment. *Id.* at 281. The Sixth Circuit further noted that the federal circuits that had considered the issue were "equally divided" over whether a defendant's pre-arrest silence could be used as substantive evidence of guilt. *Id.* at 282 (collecting cases). Another judge in this district has held that a criminal defendant's pre-arrest silence is not afforded

13

"conclusive protection." *See Martin v. Jabe,* 747 F. Supp. 1227, 1233 (E.D. Mich. 1989).

A habeas court may only look at the holdings of the United States Supreme Court as they existed at the time of the relevant state court decision to determine whether the state court decision was contrary to, or an unreasonable application of, clearly established federal law. *Mitzel v. Tate,* 267 F. 3d 524, 530-31 (6th Cir. 2001). A habeas court cannot look to the decisions of this circuit, or other courts of appeals, when deciding whether a state court's decision was contrary to, or an unreasonable application of, clearly established federal law. *Id.*

In the present case, the United States Supreme Court has not spoken dispositively on the issue of whether the use of a criminal defendant's pre-arrest silence as substantive evidence violates the Fifth or Fourteenth Amendments. The Supreme Court's failure to rule on this issue, coupled with the "disagreement and confusion" among the federal courts concerning the resolution of this issue, precludes this Court from finding that the Michigan Court of Appeals' decision was an unreasonable application of clearly established federal law, where clearly established Supreme Court precedent on the issue of using pre-arrest silence as substantive evidence of guilt did not, and does not, exist. *See Worden v. McLemore,* 200 F. Supp. 2d 746, 752-53 (E.D. Mich. 2002). In the lack of Supreme Court precedent on the use of a defendant's pre-arrest silence as substantive evidence of guilt, the state trial court's admission of evidence of defendant's pre-arrest silence as substantive evidence of guilt was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent addressing the Fifth Amendment right to remain silent and the Fourteenth Amendment right to due process so as to warrant federal habeas relief. *See Mitchell v. Lafler,* 118 Fed. Appx. 24, 26-27 (6th Cir. 2004)(unpublished); *Cameron v. Birkett,* 348 F. Supp. 2d 825, 841-42 (E.D. Mich. 2004).

More importantly, it is well established that a defendant's Fifth Amendment rights are not violated when a doctor, nurse, or other medical personnel asks questions of a defendant during medical treatment, because that person is not acting as an agent of law enforcement when providing such medical treatment. *See Powell v. Quarterman,* 536 F.3d 325, 343 (5th Cir. 2008); *U.S. v. Romero*, 897 F.2d 47, 52 (2nd Cir. 1990); *United States v. Borchardt*, 809 F. 2d 1115, 1118-19 (5th Cir. 1987). Petitioner is not entitled to habeas relief on his third claim.

### D.     Claim 4: Ineffective Assistance of Counsel

In his fourth claim, Petitioner contends that his counsel was ineffective for stipulating to the admission of various prosecution exhibits, rather than requiring the prosecution to establish a proper foundation for their admission. Petitioner further claims that counsel was ineffective for failing to object to this evidence, because it was irrelevant and inadmissible.

To prevail on his ineffective assistance of counsel claims, Petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the Petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

The Michigan Court of Appeals rejected Petitioner's claim, finding that the challenged prosecutorial exhibits were all validated either by the physician or the police officers who recovered the items that were depicted in the photographs or in the documents. The Michigan Court of Appeals further found that the evidence was relevant and admissible, thereby defeating Petitioner's claim that counsel was ineffective for failing to object to their admission. *Rogers,* Slip. Op. at * 4.

Petitioner's ineffective assistance of counsel claim fails because he has failed to show that a proper foundation for the admission of this evidence was not, or could not have been, made. *See Bramblett v. True,* 59 Fed. Appx. 1, 10 (4th Cir. 2003)(unpublished). Petitioner was not prejudiced by defense counsel's decision to stipulate to the admission of this evidence, in light of the fact that this same evidence would have been introduced anyway in a more lengthy process without stipulations from counsel. *See Burke v. U.S.,* 261 F. Supp. 2d 854, 862 (E.D. Mich. 2003).

Moreover, in rejecting Petitioner's ineffective assistance of counsel claim, the Michigan Court of Appeals found that the challenged evidence was relevant and admissible under Michigan law. It is well-settled "that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Federal habeas courts "'must defer to a state court's interpretation of its own rules of evidence and procedure' when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005)(quoting *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)). Because the Michigan Court of Appeals determined that this evidence was relevant and admissible under Michigan law, this Court must defer to that determination in resolving Petitioner's ineffective assistance of counsel claim. *See Brooks v. Anderson*, 292 Fed. Appx. 431, 437-38 (6th Cir. 2008)(unpublished); *Adams v. Smith*, 280 F.Supp.2d 704, 721 (E.D. Mich. 2003). The Michigan Court of Appeals determined that the evidence was relevant and admissible under Michigan law. The failure to object to relevant and admissible evidence in not ineffective assistance of counsel. *See Alder v. Burt,* 240 F. Supp. 2d 651, 673 (E.D. Mich. 2003). Therefore, Petitioner is not entitled to habeas relief on his fourth claim.

### E.     Claims 6, 7, 8, 9, and 10: Erroneous Submission of the Dismissed Assault with Intent to Murder

16

The Court will consolidate Petitioner's remaining claims because they are all interrelated. Petitioner claims that his right to a fair trial was violated when a charge of assault with intent to murder that had been dismissed against him at the preliminary examination was erroneously submitted to the jury, leading them to convict him of the lesser offense of assault with intent to do great bodily harm less than murder. Petitioner's conviction on this charge was set aside at the time of sentencing, after the error was brought to the attention of the trial court by the prosecutor.

Respondent claims that Petitioner' s remaining claims are procedurally defaulted because Petitioner raised them for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R. 6.508(D)(3).

This Court notes that procedural default is not a jurisdictional bar to review of a habeas petition on the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997). In addition, "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir. 2003)(citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525.

Petitioner claims that he does not need to satisfy the cause and prejudice standard under M.C.R. 6.508(D)(3), because the erroneous submission of the dismissed charge to the jury was a jurisdictional defect. The "good cause" and "actual prejudice" prerequisites of M.C.R. 6.508(D)(3) need not be satisfied where a defendant properly alleges a jurisdictional defect in a prior proceeding which resulted in a conviction and sentence. *See People v. Carpentier,* 446 Mich. 19, 27; 521 N.W. 2d 195 (1994). Because a determination of whether there was jurisdictional error here would

17

require this Court to resolve the merits of Petitioner's claims, it is easier to address the merits of these underlying claims.

"[C]learly established Supreme Court law provides that a defendant has a right not to be *convicted* except upon proof of every element of a crime beyond a reasonable doubt; the Supreme Court has never held that the submission of a charge, upon which there is insufficient evidence, violates a defendant's constitutional rights where the defendant is acquitted of that charge." *Long*, 450 F. Supp. 2d at 752 (quoting *Skrzycki v. Lafler*, 347 F. Supp.2d 448, 453 (E.D. Mich. 2004) (emphasis original); *see also Aldrich v. Bock,* 327 F. Supp. 2d 743, 761-62 (E.D. Mich. 2004). A number of cases have held that the submission to a jury of a criminal charge constitutes harmless error where the habeas petitioner is acquitted of that charge. *Daniels v. Burke*, 83 F. 3d 760, 765, n.4 (6th Cir. 1996); *Long,* 450 F. Supp. 2d at 752; *Aldrich,* 327 F. Supp. 2d at 761; *Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 596 (E.D. Mich. 2001). Likewise, the erroneous submission to the jury of a charge that had been dismissed at a preliminary examination is not reversible error, even on direct appeal, when the defendant is acquitted of that charge. *See People v. Partlow,* 84 Cal. App.3d 540, 556; 148 Cal .Rptr. 744 (Cal. App. 1978).

In light of the fact that the trial court vacated Petitioner's conviction for assault with intent to do great bodily harm at sentencing, Petitioner is unable to establish that he was prejudiced by the erroneous submission of the original assault with intent to murder charge at trial. Petitioner would not be entitled to habeas relief on his eighth or ninth claims.

Petitioner's sixth claim that counsel was ineffective for failing to object to the wrongful inclusion of the previously dismissed assault with intent to murder charge must be rejected on similar grounds. "[T]he prejudice question, for purposes of an ineffective assistance of counsel

18

claim, 'is essentially the same inquiry as made in a harmless-error analysis.'" *Johnson v. Renico,* 314 F. Supp. 2d 700, 711 (E.D. Mich. 2004)(internal quotation omitted). In light of the fact that the assault with intent to do great bodily harm conviction that was based upon the erroneously submitted assault with intent to murder charge was vacated at sentencing, the submission of this charge was harmless error. Petitioner was therefore not prejudiced by counsel's failure to object to the submission of this charge to the jury, so as to obtain habeas relief.

The Court will likewise reject Petitioner's related seventh claim that the prosecutor engaged in misconduct by submitting this previously dismissed charge to the jury. In deciding whether prosecutorial misconduct mandates that habeas relief be granted, a federal court must apply the harmless error standard. *Pritchett v. Pitcher*, 117 F. 3d 959, 964 (6th Cir. 1997). Where a prosecutor's conduct does not have a substantial or injurious effect on the outcome of the trial, habeas relief should be denied. *See Maurino v. Johnson*, 210 F. 3d 638, 644 (6th Cir. 2000). Because the assault with intent to do great bodily harm conviction was set aside, the prosecutor's conduct in submitting this previously dismissed charge to the jury was harmless error at worst.

Finally, because the trial court corrected any constitutional infirmity in this case by vacating Petitioner's assault with intent to do great bodily harm conviction, Petitioner's double jeopardy claim (Claim 10) is now moot. *See Nichols v. Moore,* 923 F. Supp. 420, 423-24 (W.D.N.Y. 1996).

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the

19

issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of Petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d at 885.  The Court will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### IV.    CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.  The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　S/Paul D. Borman  
　　　　　　　　　　　　　　　　　　　　PAUL D. BORMAN  
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated:  March 13, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 13, 2009.

　　　　　　　　　　　　　　　　　　　　S/Denise Goodine  
　　　　　　　　　　　　　　　　　　　　Case Manager